**ROUTH CRABTREE OLSEN, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121
FACSIMILE (425) 458-2131

Honorable Judge Samuel J. Steiner
Chapter 13
Hearing Location: Seattle
Hearing Date: December 15, 2010
Hearing Time: 9:30 a.m.

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>Rebekah L Green,<br><br>Debtor. | Chapter 13 Bankruptcy<br><br>No.: 10-21777-SJS<br><br>OBJECTION TO CONFIRMATION BY WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-WMC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WMC1 |
|---|---|

COMES NOW, Wells Fargo Bank, National Association, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC1, Mortgage Pass-Through Certificates, Series 2006-WMC1 ("Creditor"), and objects to confirmation of the proposed chapter 13 plan (The "Plan") of Rebekah L Green ("Debtor" herein). The basis for this objection is that the Plan does not comply with the provisions of Title 11, chapter 13 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

## I. BACKGROUND

On or about September 26, 2005, Rebekah L Green, executed and delivered a note in favor of WMC Mortgage Corp. in the original principal amount of $140,000.00. This Note was secured by a Deed of Trust ('Deed') encumbering real property commonly described as 801 Rainier Avenue N G137 Renton, WA 98055 ('Property'). Creditor is the holder of the note or services the note for the holder. On September 30, 2010, Debtor filed for protection under Title 11, chapter 13 of the United States Code under cause number 10-21777-SJS in the above listed court.

Objection to Confirmation
Page - 1

**ROUTH CRABTREE OLSEN, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

The outstanding balance due on the Note as of filing is approximately $137,974.20. As of the same date the loan is contractually due for the March 1, 2009 payment. The pre-petition arrears, including payments, late charges, escrow advances and accrued fees and costs are estimated to be $28,390.65 as reflected in Creditor's filed proof of claim. The current ongoing monthly payment is $1,060.93.

## II. ARGUMENT AND AUTHORITY

Creditor objects to confirmation of the Plan as it will not maintain Creditor's loan pending possible loan modification. Debtor indicates she has applied for a loan modification and that if a modification is not obtained by February 28, 2011, Creditor will be granted relief from stay.

Pursuant to 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a plan may not modify the rights of a holder of a claim secured only by an interest in real property that is the Debtor's principal residence. The Plan provides an ongoing monthly payment to Creditor in the amount of $562.62 pending possible loan modification. The current monthly payment amount owing to Creditor is $1,060.93. Creditor objects to the Plan to the extent that Debtor would fail to maintain Creditor's loan. Debtor must maintain the current monthly payment amount owing to Creditor. Failure to maintain Creditor's loan impermissibly modifies Creditor's rights.

Pursuant to 11 U.S.C. § 1325 (a)(1) and 1322 (b)(5) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due. The Plan provides for $0 in payment towards the pre-petition arrears owing to Creditor. A monthly payment in the amount of $473.18 is necessary to cure Creditor's loan arrearage claim within the maximum 60 month term plan. The Plan must provide for payment of the pre-petition arrearage. To the extent that Debtor has or intends to seek a loan modification, there is no guarantee Debtor will successfully complete the trial period, qualify for a loan modification, or that the modification will occur. Creditor objects to confirmation of any plan until the process is completed. In the alternative Creditor requests that the Plan include a provision for cure of the loan arrearage through

Objection to Confirmation
Page - 2

**ROUTH CRABTREE OLSEN, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

monthly payments with the understanding that the Plan may be amended in the event that the loan modification is approved and completed.

Creditor finally requests that the Plan further provide that in the event that Debtor has not obtained a final loan modification by February 28, 2011, Creditor is granted relief from the automatic stay without further Order of the Court. Such language will prevent Creditor from having to incur additional costs to obtain relief.

### III. CONCLUSION

For all of the above reasons, the proposed Chapter 13 plan fails to comply with the requirements of Title 11 of the United States Code. Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan. If the court sustains this objection and denies confirmation, Creditor respectfully requests that the Court set a deadline by which an amended plan is to be filed.

DATED this ____8th____ day of ___Nov_____, 2010.

**ROUTH CRABTREE OLSEN, P.S.**
Attorneys for Creditor


___/s/ Michelle Riel_____
By: Michelle Riel, WSBA# 42090

Objection to Confirmation
Page - 3

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131