David M. Tall
Oseran Hahn Spring Straight & Watts, P.S.
10900 NE Fourth Street #850
Bellevue WA 98009
425-455-3900

The Honorable Samuel J. Steiner
Chapter 13
Hearing Date: January 19, 2011
Hearing Time: 9:30 a.m.
Hearing Place: Seattle
Response Date: January 12, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

In re,

Rebekah L. Green,

Debtor(s).

No. 10-21777

**REPLY OF CREDITOR BOKARA BY THE LAKE RE MOTION FOR RELIEF FROM STAY**

At the outset, it should be noted to the Court that the Debtor's proposed plan has not been confirmed and indeed the Court has already sustained the objection of Wells Fargo Bank to that proposed plan.

Secondly, the stated value of the property as indicated on the Debtor's petition is $110,000. The property is encumbered with mortgages in the amount of $140,000 and approximately the $5,700.59 that the Debtor owes the Association. There is no evidence to suggest that this property has any equity and therefore motion for relief from the stay is appropriate.

Debtor is correct that post petition dues are nondischargeable since the Debtor has not abandoned the property. Therefore, in addition to having the right to proceed on an *in rem* basis

NOTICE OF AND MOTION FOR RELIEF FROM STAY-1
F:\DMT\Condo\Merge Forms\Bankruptcy\MRS Motion.doc 1/13/11
(m) #

OSERAN HAHN SPRING STRAIGHT & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

to foreclose its security interest against the property, the Association further has the right under §523 A 16 to obtain a personal judgment for all dues accruing post petition. If the Debtor's Chapter 13 plan is dismissed as she cannot provide a viable plan, those post petition dues will accrue from the date that she originally filed her Chapter 7 bankruptcy petition. If a plan is confirmed, then Debtor would remain liable for post petition dues accruing from the date of the filing of her Chapter 13. Of course, Debtor could remedy the situation by paying all post petition dues and abandoning the property. At that point, the Association's remedy would either be to elect to stay in the plan and be an unsecured creditor, or alternatively seek relief from the stay and foreclose in an *in rem* proceeding.

At this point, the Association has elected to move for relief from stay and therefore since there is no equity in the property and the Association's lien is a valid secured claim, the Court should grant relief from the stay to allow the Association to foreclose upon its lien and in addition to obtain a personal judgment for all post petition dues not paid by the Debtor until the date she abandons the property.

RESPECTFULLY SUBMITTED this 14th day of January, 2011.

_____
DAVID M. TALL

NOTICE OF AND MOTION FOR RELIEF FROM STAY-2
F:\DMT\Condo\Merge Forms\Bankruptcy\MRS Motion.doc 1/13/11
(m) #

OSERAN HAHN SPRING STRAIGHT & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201

## CERTIFICATE OF SERVICE

I, Laura Faulstich, certify that I am not less than 18 years of age and not a party to the matter concerning the service made. I further certify that the service of the foregoing document was made by ECF (electronic filing) any by mailing a copy via US Mail, postage prepaid to the following:

Rebekah L. Green
801 Rainier Avenue N., #G137
Renton, WA 98055

on January 14, 2011 in Bellevue, Washington.

Under penalty of perjury, I declare that the foregoing is true and correct.

/s/ Laura Faulstich
Laura Faulstich

NOTICE OF AND MOTION FOR RELIEF FROM STAY-3
F:\DMT\Condo\Merge Forms\Bankruptcy\MRS Motion.doc 1/13/11
(m) #

OSERAN HAHN SPRING STRAIGHT & WATTS P.S.
10900 NE Fourth Street #850
Bellevue WA 98004
Phone: (425) 455-3900
Facsimile: (425) 455-9201